FILED

2012 SEP -6 PM 4:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

WILLIAM J. BRIGGS, II (BAR NO. 144717)
HENRY L. SELF III (BAR NO. 223153)
MICHAEL V. MANCINI (BAR NO. 263799)
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
(310) 556-3501
(310) 556-3615 facsimile
wbriggs@lavelysinger.com
hself@lavelysinger.com
mmancini@lavelysinger.com

Attorneys for Plaintiffs
YOUNG MONEY ENTERTAINMENT, LLC
and DWAYNE MICHAEL CARTER, JR.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YOUNG MONEY ENTERTAINMENT, LLC, a Florida limited liability company; and DWAYNE MICHAEL CARTER, JR., an individual,

Plaintiffs,

v.

DIGERATI HOLDINGS, LLC, a Delaware limited liability company; QD3 ENTERTAINMENT, INC., a California corporation; QUINCY DELIGHT JONES III, an individual; JOSHUA A. KRAUSE, an individual; JARED FREEDMAN, an individual and DOES 1-10, inclusive,

Defendants.

CASE NO. CV12-7663-ODW (JCx)

COMPLAINT FOR:

(1) COPYRIGHT INFRINGEMENT;

(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;

(3) UNFAIR COMPETITION; AND

(4) ACCOUNTING

**DEMAND FOR JURY TRIAL**

Plaintiffs YOUNG MONEY ENTERTAINMENT, LLC and DWAYNE MICHAEL CARTER, JR. (collectively, "Plaintiffs") allege as follows:

## THE PARTIES

1. Plaintiff YOUNG MONEY ENTERTAINMENT, LLC ("YME") is, and at all times relevant hereto has been, a limited liability corporation organized and existing under the laws of the State of Florida. YME is a record label founded by New Orleans musician and rapper Dwayne Michael Carter, Jr., professionally known as Lil Wayne. The YME label is an imprint of record label Cash Money Records, which is generally distributed by Universal Music Group. YME holds the recording and services contract for Lil Wayne.

2. Plaintiff DWAYNE MICHAEL CARTER, JR. ("Lil Wayne") is, and at all times relevant hereto has been, an individual residing in the State of Florida. Plaintiff, a prolific and preeminent American musician and rapper, is better known by his professional stage name, Lil Wayne. Plaintiffs YME and Lil Wayne will sometimes herein be referred to collectively as "Plaintiffs."

3. Plaintiffs are informed and believe and based thereon allege that defendant DIGERATI HOLDINGS, LLC, ("Digerati") is, and at all times relevant hereto has been, a limited liability company or some other form of entity organized and existing under the laws of the State of Delaware, located and with its principal place of business in the County of Los Angeles, State of California. Digerati is operated or functions as, among other things, a production company engaged in the business of producing a hip hop documentary film.

4. Plaintiffs are informed and believe and based thereon allege that defendant QD3 ENTERTAINMENT, INC. ("QD3") is, and at all times relevant hereto has been, a corporation or some other form of entity organized and existing under the laws of the State of California, located and with its principal place of business in the County of Los Angeles, State of California. QD3 is

operated or functions as, among other things, a production company engaged in the business of producing hip hop documentary films and videos.

5. Plaintiffs are informed and believe and based thereon allege that defendant QUINCY DELIGHT JONES III ("Jones") is, and at all times relevant hereto has been, an individual residing in the County of Los Angeles, State of California. Jones, son of prolific musician and music producer Quincy Jones, is himself a music producer, as well as a producer of a number of hip hop documentary films. Jones is known by and uses the pseudonym QD3, and is the CEO of defendant QD3.

6. Plaintiffs are informed and believe and based thereon allege that defendant JOSHUA A. KRAUSE ("Krause") is, and at all times relevant hereto has been, an individual residing in the County of Fresno, State of California. Krause is a long-form documentary film producer who has served as producer on QD3 projects including *Beef: Behind the Bullet*, *Concrete Jungle*, *Number One With a Bullet*, *Beef IV*, *Beef: The Series*, and *Beef III*.

7. Plaintiffs are informed and believe and based thereon allege that defendant JARED FREEDMAN ("Freedman") is, and at all times relevant hereto has been, an individual residing in the County of Los Angeles, State of California. Freedman is a long-form documentary film producer who has served as producer or executive producer on projects including *Like Water*, *Concrete Jungle*, *Number One With a Bullet*, *Beef IV*, and *Beef: The Series*.

8. Plaintiffs are informed and believe and based thereon allege that Defendants Digerati and QD3 are the alter ego of Jones, at all times herein relevant, and that Jones is liable for the acts and omissions of Digerati and QD3 in that Defendant Jones was the managing member of Digerati and the president of QD3 and had control over each business entity, and each business entity failed to adhere to corporate formalities; and each business entity was a mere shell designed to insulate Jones from liability for acts done under the auspices of a

corporate shell.

9.  Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions herein alleged and that Plaintiffs' damages were proximately caused by their conduct.

10. All defendants including Digerati, QD3, Jones, Krause and Freedman, and Does 1 through 10, will sometimes be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiffs' claims arose in this District.

## FIRST CLAIM
### (By Plaintiffs For Copyright Infringement
### Against All Defendants)

13. Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. In or about 2007, Defendants began collaborating on a long-form documentary film entitled *The Carter* (the "Film"), which was ultimately released in or around 2009. The subject of the film is the multi-platinum selling,

iconic and preeminent hip-hop artist Lil Wayne. The Film follows Lil Wayne before and shortly after the release of his triple-platinum album *Tha Carter III*.

15. As production of the Film continued, Defendants determined that copyrighted music written, performed and recorded by Lil Wayne would be used in the Film, including music from *Tha Carter III*.

16. Defendants were informed that they did not have authorization from Plaintiffs to reproduce, adapt, distribute or perform any music from *Tha Carter III*, but Defendants nevertheless infringed Plaintiffs' copyrights by including music written, performed and recorded by Lil Wayne on *Tha Carter III* and synced that music into the Film without authorization to do so and then reproducing, distributing and publicly exhibiting the Film. At no time have Plaintiffs authorized Defendants to reproduce, adapt, or distribute any of the Plaintiffs' music from *Tha Carter III* and use it in the Film. In fact, both Krause and Jones have admitted in deposition testimony in a related proceeding that they were aware that they needed to secure clearances, licenses and authorization to use Plaintiffs' copyrighted works, but failed to do so. Both Krause and Jones further admitted in deposition testimony in a related proceeding that, despite knowing of the need to secure clearances, licenses and authorization for those copyrighted works, they failed to do so but continued to exploit the Film which contained the copyrighted workd.

17. In particular but without limitation, the Film includes the following copyrighted works, which Defendants were not authorized to use:

   a. The Film includes a recording of the musical composition "Mr. Carter." On December 22, 2008, "Mr. Carter" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001395758.

   b. The Film includes a recording of the musical composition "La La." On January 13, 2009, "La La" was registered with the Register of

1 | Copyrights. The Certificate of Registration bears the number PA0001621260.

2         c.    The Film includes a recording of the musical composition "Stuntin' Like My Daddy." On March 18, 2008, "Stuntin' Like My Daddy" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001679909.

        d.    The Film includes a recording of the musical composition "Lollipop." On January 13, 2009, "Lollipop" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001619781.

        e.    The Film includes a recording of the musical composition "Let the Beat Build." On January 13, 2009, "Let the Beat Build" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001621374.

        f.    The Film includes a recording of the musical composition "Pussy Monster." On January 13, 2009, "Pussy Monster" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001633252.

        g.    The Film includes a recording of the musical composition "A Milli." On January 13, 2009, "A Milli" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001651821.

        h.    The Film includes a recording of the musical composition "Dontgetit." On January 13, 2009, "Dontgetit" was registered with the Register of Copyrights. The Certificate of Registration bears the number PA0001621361. Plaintiffs have standing to bring infringement claims as authors of the foregoing works and as beneficial copyright owners on behalf of, and under authority from, one or more of the copyright claimants in such works.

18.    On information and belief, Defendants have distributed the Film, commencing in late 2010, through numerous national and international consumer channels, including as a digital file available through iTunes and Amazon, and

continue to do so. Defendants have also exhibited the Film in numerous locations, including most recently in Venice, California in Spring 2012.

19. By reason of Defendants' copyright infringements, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their ownership rights in the copyrighted works.

20. Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctions restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

21. Plaintiffs are further entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of copyright infringement, but Plaintiffs are informed and believe, and based thereon allege, that Plaintiffs have sustained such damages in an amount exceeding the jurisdictional requirements and to be demonstrated at trial.

22. Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiffs are informed and believe, and on that basis allege, that Defendants have obtained such gains, profits and advantages in an amount exceeding the jurisdictional requirements and to be demonstrated at trial.

## SECOND CLAIM

### (By Plaintiffs For Contributory Copyright Infringement Against Defendants Quincy Delight Jones III, Joshua A. Krause and Jared Freedman)

23. Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 12 and 14 through 22, inclusive, as though fully set forth herein.

24. At all times relevant herein, Jones, Krause and Freedman were informed by Plaintiffs that Defendants were attempting to include in the Film music written and performed by Lil Wayne on *Tha Carter III* without authorization to do so. They then reproduced, distributed and publicly exhibited the Film, which contained and contains infringing works. At no time have Plaintiffs authorized Defendants to reproduce, adapt, or distribute any of the Plaintiffs' music from *Tha Carter III* used in the Film. In fact, both Krause and Jones have admitted in deposition testimony in a related proceeding that they were aware that they needed to secure clearances, licenses and authorization to use Plaintiffs' copyrighted works, but failed to do so. Both Krause and Jones further admitted in deposition testimony in a related proceeding that, despite knowing of the need to secure clearances, licenses and authorization for those copyrighted works, they failed to do so but continue to exploit the Film.

25. At all times relevant herein, Jones, Krause and Freedman had knowledge of the infringing uses of Plaintiffs' works contained in the Film and facilitated, approved, organized, caused, continued and/or ensured infringing use of Plaintiffs' copyrighted works.

26. Jones, Krause and Freedman materially contributed to the infringing use of Plaintiffs' copyrighted works by producing, distributing, marketing, and/or screening the Film. But for their efforts to produce, distribute, market and/or screen the Film, Plaintiffs' copyrighted works could not have been infringed by the Film and Defendants could not have profited from their

1  infringing use of Plaintiffs' copyrighted works.

## THIRD CLAIM

**(By Plaintiffs For Unfair Competition Pursuant to California Business and Professions Code § 17200 *et seq.* Against All Defendants)**

27. Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 12, 14 through 22 and 24 through 26, inclusive, as though fully set forth herein.

28. Defendants' actions constitute unfair competition within the meaning of California Business and Professions Code Sections 17200 *et seq*.

29. Pursuant to California Business and Professions Code Sections 17200 *et seq.*, Plaintiffs are entitled to preliminary and permanent injunctive relief, and to restitution for the unfair competition alleged herein.

## FOURTH CLAIM

**(By Plaintiffs For an Accounting Against All Defendants)**

30. Plaintiffs repeat, re-allege, adopt and incorporate each and every allegation contained in paragraphs 1 through 12, 14 through 22, 24 through 26 and 28 through 29, inclusive, as though fully set forth herein.

31. On information and belief, Defendants, and each of them, have been enriched by the wrongdoing alleged herein, and Plaintiffs are entitled to recovery of those amounts.

32. The amount of money due to Plaintiffs from Defendants is unknown to Plaintiffs, and cannot be ascertained without an accounting from Defendants, and each of them. Plaintiffs are informed and believe that Defendants, and each of them, have been enriched in an amount in excess of jurisdictional requirements and to be demonstrated at trial.

WHEREFORE, Plaintiffs pray as follows:

1. For a temporary restraining order, preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling, or performing any of Plaintiffs' copyrighted works named herein or anything substantially similar thereto, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession, custody or control.

2. For actual damages and Defendants' profits in an amount in excess of the jurisdictional requirements and to be demonstrated at trial, plus interest.

3. For restitution in an amount in excess of the jurisdictional requirements and to be demonstrated at trial, plus interest.

4. For an accounting from Defendants, and each of them.

5. For their reasonable attorneys' fees and costs.

6. For such other and further relief as the Court deems just and proper.

DATE: September 6, 2012

LAVELY & SINGER
PROFESSIONAL CORPORATION
WILLIAM J. BRIGGS, II
HENRY L. SELF III
MICHAEL V. MANCINI

By: /s/ William J. Briggs, II
WILLIAM J. BRIGGS, II
Attorneys for Plaintiffs
YOUNG MONEY ENTERTAINMENT, LLC, and DWAYNE MICHAEL CARTER, JR.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby reserve their right to a trial by jury on all issues so triable.

DATE: September 6, 2012

LAVELY & SINGER
PROFESSIONAL CORPORATION
WILLIAM J. BRIGGS, II
HENRY L. SELF III
MICHAEL V. MANCINI

By: _____
WILLIAM J. BRIGGS, II
Attorneys for Plaintiffs
YOUNG MONEY ENTERTAINMENT, LLC, and DWAYNE MICHAEL CARTER, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 7663 ODW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
William J. Briggs, II (BAR NO. 144717)
Michael V. Mancini (BAR NO. 263799)
LAVELY & SINGER PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG MONEY ENTERTAINMENT, LLC; and DWAYNE MICHAEL CARTER, JR.<br><br>PLAINTIFF(S)<br>v.<br>DIGERATI HOLDINGS, LLC; QD3 ENTERTAINMENT, INC.; JOSHUA KRAUSE; JARED FREEDMAN and QUINCY DELIGHT JONES III<br><br>SEE ATTACHED   DEFENDANT(S). | CASE NUMBER<br><br>CV12-7663 ODW(JCx)<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>William J. Briggs, II</u>, whose address is <u>2049 Century Park East, Suite 2400, Los Angeles, California  90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

COPY

Clerk, U.S. District Court

Dated: SEP - 6 2012

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (10/11)   SUMMONS

CCD-1A

1  WILLIAM J. BRIGGS, II (BAR NO. 144717)
   HENRY L. SELF III (BAR NO. 223153)
2  MICHAEL V. MANCINI (BAR NO. 263799)
   LAVELY & SINGER
3  PROFESSIONAL CORPORATION
   2049 Century Park East, Suite 2400
4  Los Angeles, California 90067-2906
   (310) 556-3501
5  (310) 556-3615 facsimile
   wbriggs@lavelysinger.com
6  hself@lavelysinger.com
   mmancini@lavelysinger.com
7
   Attorneys for Plaintiffs
8  YOUNG MONEY ENTERTAINMENT, LLC
   and DWAYNE MICHAEL CARTER, JR.
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| YOUNG MONEY ENTERTAINMENT, LLC, a Florida limited liability company; and DWAYNE MICHAEL CARTER, JR., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DIGERATI HOLDINGS, LLC, a Delaware limited liability company; QD3 ENTERTAINMENT, INC., a California corporation; QUINCY DELIGHT JONES III, an individual; JOSHUA A. KRAUSE, an individual; JARED FREEDMAN, an individual and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br><br> (1) **COPYRIGHT INFRINGEMENT;** <br><br> (2) **CONTRIBUTORY COPYRIGHT INFRINGEMENT;** <br><br> (3) **UNFAIR COMPETITION; AND** <br><br> (4) **ACCOUNTING** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |
|---|---|

COPY

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YOUNG MONEY ENTERTAINMENT, LLC; and DWAYNE MICHAEL CARTER, JR.

## DEFENDANTS
DIGERATI HOLDINGS, LLC; QD3 ENTERTAINMENT, INC.; JOSHUA KRAUSE; JARED FREEDMAN and QUINCY DELIGHT JONES III

(b) County of Residence of First Listed Plaintiff: **MIAMI-DADE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Briggs, II (BAR NO. 144717)
LAVELY & SINGER PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 556-3501

Attorneys *(If Known)*
Peter Ross, Esq.
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [X] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Med. Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 530 General | | [ ] 871 IRS — Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1331, 1332, 1338

Brief description of cause:
Copyright infringement against all defendants

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 9-6-12   SIGNATURE OF ATTORNEY OF RECORD /s/

CV12-7663

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

JS-44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:            U.S. Civil Statute: 47 USC 553
                                          Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.